**USA v. Drepanos**          **CV-95-129-B    05/02/96**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


<u>United States of America</u>

    v.                                          Criminal No. 95-129-01-B

<u>Nicholas P. Drepanos</u>


## O R D E R

Nicholas Drepanos has been indicted on two counts of bank bribery, 18 U.S.C.A. § 215, and one count of conspiracy to commit bank bribery, 18 U.S.C.A. § 371.  One of the two bank bribery counts and a portion of the conspiracy count are based on the theory that bank bribery can be committed by corruptly paying a third party with the intention of influencing a bank official.  The conspiracy count is also based in part on the assertion that Drepanos is guilty of conspiracy because he conspired to bribe one of the bank's attorneys.  Drepanos argues in a motion to dismiss that the charges against him are defective to the extent that they are based on the claim that Drepanos made payments to a third party in an effort to influence a bank official.  He also argues that the conspiracy count does not sufficiently allege that one of the persons to whom Drepanos made payments was an attorney of the bank. I reject both arguments for the reasons that follow.

## I.    Can a violation of the bank bribery statute be committed by corruptly paying money to a third person with the intention of influencing a bank official?

Drepanos argues that a person cannot commit bank bribery by corruptly making payments to a third party with the intention of influencing a bank official in connection with his official duties. The bank bribery statute provides that the crime is committed if a person

> corruptly gives, offers, or promises anything of value to any person, with intent to influence or reward an officer, director, employee, agent or attorney of a financial institution in connection with any business or transaction of such institution . . .

18 U.S.C.A. § 215(a).  Since the statute plainly covers payments that are made "to any person" if the payments are corruptly made with an intent to influence a bank officer in connection with the bank's business, I reject Drepanos' argument.[1]

---

[1]    Drepanos bases his argument in large part upon the erroneous contention that this construction of the statute would criminalize a variety of innocent activities such as a borrower agreeing to use the bank's list of approved attorneys or a developer's decision to hire a highly regarded contractor in the hope that it would influence the bank to provide additional funds for the project.  Since any payments that might be made to third parties in such circumstances would not be "corruptly" made, they obviously would not violate the bank bribery statute.

2

**II. Does the conspiracy count sufficiently allege that Drepanos conspired to bribe someone who qualifies as "an attorney of a financial institution" under the bank bribery statute?**

Paragraph 14(b) of the superseding indictment alleges that Drepanos conspired to bribe William Link who was then acting as "an attorney for and agent of First Service Bank." Notwithstanding this allegation, Drepanos contends that the indictment does not sufficiently allege that Link was the bank's attorney or agent because it identifies only sporadic instances in which Link served as the bank's closing attorney.

The First Circuit recognizes that

> an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.

United States v. McDonough, 959 F.2d 1137, 1140 (1st Cir. 1992) (citations omitted). Judged by this standard, the indictment is sufficient to withstand Drepanos' motion to dismiss because it expressly alleges that Link was acting as the bank's attorney or agent.

Drepanos remains free to argue at trial that the government has failed to produce sufficient evidence that Link was acting as

3

the bank's attorney or agent to withstand a motion for a judgment of acquittal.

     SO ORDERED.


                                             _____
                                             Paul Barbadoro
                                             United States District Judge

May 2, 1996

cc:  Robert Ullman, Esq.
     Robert Wallace, Esq.
     Robert Kinsella, Esq.
     United States Probation
     United States Marshal